# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANGIE Y. McGEE**
        **Plaintiff,**

     v.                                             **Case No. 10-C-0365**

**MICHAEL J. ASTRUE,**
**Commissioner of the Social Security Administration**
        **Defendant.**

## DECISION AND ORDER

I reversed and remanded the Administrative Law Judge's decision denying plaintiff Angie McGee's application for social security disability benefits, finding that the ALJ violated the legal requirements for evaluating credibility and determining residual functional capacity ("RFC"). McGee v. Astrue, No. 10-C-365, 2011 WL 294517, at *1 (E.D. Wis. Jan. 27, 2011). Plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes the motion.

## I. EAJA STANDARD

Plaintiff may obtain attorney's fees if: (1) she was a "prevailing party" in the case; (2) the government's position was not "substantially justified"; (3) there are no "special circumstances" that would make an award unjust; and (4) she filed a timely application. See 28 U.S.C. § 2412(d)(1); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009); Golembiewski v. Barnhart, 382 F.3d 721, 723-24 (7th Cir. 2004). Because I remanded the ALJ's decision pursuant to 42 U.S.C. § 405(g), sentence four, and directed that judgment be entered in her favor, plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). The EAJA motion

is timely, and the Commissioner suggests no special circumstances that would make a fee award unjust. However, the Commissioner does contend that the government's position was substantially justified.

To be substantially justified, the government's position must be "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). That is, the government's position must have reasonable factual and legal bases, and there must be a reasonable connection between the facts and the legal theory. Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006). The Seventh Circuit "has identified some relevant considerations in conducting this evaluation." Kholyavskiy v. Holder, 561 F.3d 689, 691 (7th Cir. 2009):

> For instance, courts are more likely to conclude that the Government's position is substantially justified if it is supported by our precedent or that of other courts. See Krecioch v. United States, 316 F.3d 684, 689 (7th Cir. 2003) (finding the Government's position to be substantially justified in part because it was "supported by precedent from other federal circuits"). Moreover, "uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position." Marcus v. Shalala, 17 F.3d 1033, 1037 (7th Cir. 1994). By contrast, "[s]trong language against the government's position in an opinion assessing the merits of a key issue is evidence in support of an award of EAJA fees," Golembiewski, 382 F.3d at 724, as is wholesale rejection of the Government's arguments by the [court on the merits], see id. at 725 (awarding fees and observing that "[w]e did not reject any issue raised by the plaintiff on appeal nor did we adopt or affirm any position taken by the Commissioner").

Id. at 691-92.

EAJA fees may be awarded if the government's pre-litigation conduct, including the ALJ's decision, or its litigation position are not substantially justified. However, the court makes only one determination for the entire civil action. Conrad, 434 F.3d at 990; see also Stewart, 561 F.3d at 683 ("The Commissioner bears the burden of proving that both his pre-litigation

conduct, including the ALJ's decision itself, and his litigation position were substantially justified.").

## II. DISCUSSION

At the merits stage, plaintiff argued that the ALJ erred in evaluating credibility and RFC. I agreed with her on both issues. I address each in turn under the EAJA standard. See Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir. 1991) (explaining that the "substantial evidence" and "substantial justification" standards are used at different stages and involve different tests).

### A.     Credibility

In evaluating the credibility of plaintiff's testimony, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the existing medical evidence." (Tr. at 16.) In so ruling, the ALJ erred in two fundamental respects.

First, as both the regulations and Seventh Circuit case-law make clear, once an ALJ finds that the claimant's impairments could reasonably be expected to produce the symptoms alleged, the ALJ may not reject the claimant's testimony about the severity of those symptoms based solely on a lack of support in the medical evidence. See, e.g., SSR 96-7p ("[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record."); Parker v. Astrue, 597 F.3d 920, 922 (7th Cir. 2010) ("As countless

3

cases explain, the etiology of extreme pain often is unknown, and so one can't infer from the inability of a person's doctors to determine what is causing her pain that she is faking it."); Moss v. Astrue, 555 F.3d 556, 561 (7th Cir. 2009) (stating that "an ALJ cannot disregard subjective complaints of disabling pain just because a determinable basis for pain of that intensity does not stand out in the medical record").

Second, the ALJ used the same type of boilerplate language the Seventh Circuit has made quite clear will not be accepted by the courts. See, e.g., Spiva v. Astrue, 628 F.3d 346, 348 (7th Cir. 2010) (noting that ALJ opinions denying benefits "routinely state (with some variations in wording) that although 'the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible,' yet fail to indicate which statements are not credible and what exactly 'not entirely' is meant to signify"); Parker, 597 F.3d at 921-22 ("It is not only boilerplate; it is meaningless boilerplate."); see also Punzio v. Astrue, 630 F.3d 704, 709 (7th Cir. 2011) ("[T]o read the ALJ's boilerplate credibility assessment is enough to know that it is inadequate and not supported by substantial evidence. That is reason enough for us to reverse the judgment[.]").

Later in his decision, the ALJ provided some additional reasons for finding plaintiff incredible, but those reasons were also inconsistent with Seventh Circuit law. First, the ALJ noted plaintiff's limited work history, but he failed to appreciate that in cases like this one – where the claimant alleges disability based primarily on chronic conditions rather than some traumatic event or injury – employment history may mean little absent further evaluation as to why the work record is limited. See Sarchet v. Chater, 78 F.3d 305, 308 (7th Cir. 1996) (rejecting the ALJ's reliance on poor work history where the claimant had long suffered from

4

numerous impairments rendering her unemployable). Second, the ALJ relied on a list of plaintiff's daily activities without explaining how those fairly limited activities meant she could work full-time outside the home. See, e.g., Mendez v. Barnhart, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home."). Finally, the ALJ relied on plaintiff's ability to care for her five children, without acknowledging that, at the time of the hearing, three of the five were adults and just one was under the age of fifteen. Nor did the ALJ consider that plaintiff previously lost her children to child protective services and gave one child up for adoption. In any event, the Seventh Circuit has noted that because a parent must take care of her children, or else abandon them to foster care, she may be impelled to heroic efforts not transferrable to the work-place. Gentle v. Barnhart, 430 F.3d 865, 867 (7th Cir. 2005).

In his EAJA response, the Commissioner essentially rehashes the arguments he made at the merits stage. He first states that while some of the ALJ's language may have been boilerplate, such language is included for the benefit of non-attorney claimants unfamiliar with social security legal standards. This misses the point. I did not reverse because the ALJ included in his decision explanatory paragraphs concerning the credibility standards; rather, I reversed because the ALJ's actual credibility finding in this case used the same, seemingly ubiquitous, iteration condemned by the Seventh Circuit in Martinez v. Astrue, 630 F.3d 693 (7th Cir. 2011); Spiva v. Astrue, 628 F.3d 346 (7th Cir. 2010); and Parker v. Astrue, 597 F.3d 920 (7th Cir. 2010); see also Sorenson v. Astrue, No. 10-C-0582, 2011 WL 1043362, at *8 (E.D. Wis. Mar. 18, 2011) ("The Seventh Circuit has made clear that this boilerplate language, which routinely appears in ALJ decisions, is unacceptable.").

5

Also as he did at the merits stage, the Commissioner in his EAJA response attempts to distinguish Parker on its facts. However, he says nothing at all about Punzio, Martinez, and Spiva. Those cases came down after the Commissioner filed his brief on the merits, which explains why he did not address them at that stage. There is no similar excuse for his failure to address these decisions at this point.[1] As I explained in the merits decision, these cases leave "no doubt" that such language is insufficient.[2] McGee, 2011 WL 294517, at *2. This type of strong language rejecting the government's position on the merits supports an award of EAJA fees.

In arguing substantial justification, the Commissioner, again as he did at the merits stage, points to the other reasons provided by the ALJ, e.g., plaintiff's daily activities and poor work history. But he makes no effort to justify the ALJ's errors under Sarchet, Mendez, and Gentle. Violation of the clear precedent represented by those decisions constitutes a basis for awarding EAJA fees. See, e.g., Golembiewski, 382 F.3d at 724.

**B. RFC Determination**

I also found, at the merits stage, that the ALJ erred in determining RFC. Specifically, despite finding that plaintiff experienced moderate difficulties in concentration, persistence, and pace, the ALJ failed to account for those limitations in the RFC or in his questions to the vocational expert ("VE"). The Seventh Circuit has held that limiting a claimant with such restrictions to "simple, routine" tasks, as the ALJ did here, will not ordinarily suffice. See

---

[1] Nor does the Commissioner in his EAJA response address the ALJ's first error under SSR 96-7p, Parker, and Moss.

[2] I note that these decisions did not create new law; they merely applied and re-affirmed the principles set forth in Parker and SSR 96-7p.

6

O'Connor-Spinner v. Astrue, 627 F.3d 614, 619-20 (7th Cir. 2010). As the O'Connor-Spinner court explained, the ALJ must orient the VE to the totality of the claimant's limitations, including any deficiencies of concentration, persistence, and pace. Id. at 619 (citing Stewart v. Astrue, 561 F.3d 679, 684 (7th Cir. 2009); Kasarsky v. Barnhart, 335 F.3d 539, 544 (7th Cir. 2003); Steele v. Barnhart, 290 F.3d 936, 942 (7th Cir. 2002)). While the ALJ need not invariably use the specific terminology "concentration, persistence, and pace" in his hypothetical questions to the VE, in the absence of this language the record must contain some other indication that the VE was aware of such limitations. The record in this case contained no such indication. Nor was this a case where the claimant's deficiencies in concentration, persistence, and pace were stress- or panic-related and thus could be accommodated by the ALJ's restriction to low-stress work. Id. (citing Arnold v. Barnhart, 473 F.3d 816 (7th Cir. 2007); Johansen v. Barnhart, 314 F.3d 283 (7th Cir. 2002)).

In his EAJA response, the Commissioner argues that the ALJ utilized alternative phrasing specifically excluding those tasks that someone with plaintiff's limitations would be unable to perform, which the O'Connor-Spinner court recognized as acceptable. However, the Commissioner fails to discuss my findings at the merits stage that none of the exceptions to the general rule discussed in O'Connor-Spinner applied in this case. As I also mentioned at the merits stage, plaintiff's counsel, in a post-hearing letter-brief, specifically drew the ALJ's attention to her limitations in concentration, interaction with others, and handling work stress, with specific citations to the evidence, yet the ALJ failed to account for this evidence and these putative limitations. McGee, 2011 WL 294517, at *2 n.2. The Commissioner makes no mention of this in his EAJA response.

7

**C.     Conclusion as to Substantial Justification**

At the merits stage, I agreed with plaintiff on both of the primary errors she alleged, and I adopted no position taken by the Commissioner. The ALJ's decision violated clearly established circuit precedent, and my merits decision contains strong language against the government's position. Therefore, I find that the Commissioner has failed to demonstrate substantial justification. Accordingly, plaintiff is entitled to a fee award.

**D.     Reasonableness of the Amount Requested**

Once found eligible for an award, the fee-claimant must demonstrate that the amount of her request is reasonable, both as to the rate and the number of hours requested. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004). On review of her submission, I find plaintiff's request reasonable.[3] I also find that plaintiff is entitled to the additional fees requested for preparation of her EAJA reply. See Commissioner, INS v. Jean, 496 U.S. 154, 162 (1990); Lechner, 330 F. Supp. 2d at 1013.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 21) is **GRANTED**, and plaintiff is awarded fees in the amount of $6406. Under Astrue v. Ratliff, 130 S. Ct. 2521 (2010), defendant should, after complying with procedures for determining any debts owed by plaintiff, make the check payable to plaintiff and mail it to Attorney David Traver.

Dated at Milwaukee, Wisconsin this 13th day of June, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[3] The Commissioner does not argue otherwise.